1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9   Vladik S Uchikura,

No. CV-22-00002-PHX-DLR

10              Plaintiff,

**ORDER**

11   v.

12   Willis Towers Watson Call Center, et al.,

13              Defendants.

14

15       Before the Court is Plaintiff's "Stipulation for Extension of Time to Answer" and

16   "Motion(s) for Reasonable Accommodation(s) of Court Practices and Procedures." (Doc.

17   10.) Despite the title attached to his motion, the body of the motion indicates that Plaintiff's

18   motion seeks additional time to serve the complaint, authority to appear at court hearings

19   virtually, and either additional time to retrain counsel or for the Court to appoint counsel.

20       Plaintiff has shown good cause for extending the deadline for the completion of

21   service of his compliant until May 30, 2022. This will also allow Plaintiff the time he

22   requests to seek and employ counsel. Plaintiff has also shown a basis for appearing

23   virtually at most court hearings.

24       Plaintiff has not shown good cause for the appointment of counsel. There is no

25   constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*,

26   673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request

27   an attorney to represent any person unable to afford one, 28 U.S.C. § 1915(e)(1), but only

28   when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991).  To determine whether "exceptional circumstances" are present, courts evaluate the likelihood of success on the merits as well as the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, no exceptional circumstances are present that would require the appointment of counsel in this case.  Plaintiff is in no different position than other pro se litigants.  Thus, the Court will deny without prejudice Plaintiff's request for the appointment of counsel.

**IT IS ORDERED** that Plaintiff's "Stipulation for Extension of Time to Answer" and "Motion(s) for Reasonable Accommodation(s) of Court Practices and Procedures" (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time is **GRANTED** and he shall serve the complaint on Defendants by no later than **May 30, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel is **DENIED**, but he may appear virtually at all Court hearings unless the Court orders otherwise.

Dated this 13th day of March, 2022.

Douglas L. Rayes
United States District Judge